**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                    :
DANIEL RIVERA,                      :  CIVIL ACTION NO. 10-4338 (MLC)
                                    :
     Plaintiff,                     :       O P I N I O N
                                    :
     v.                             :
                                    :
WASTE MANAGEMENT OF NEW JERSEY,     :
et al.,                             :
                                    :
     Defendants.                    :
                                    :
```

**THIS IS AN ACTION** brought on August 23, 2010, to recover damages for (1) violations of Title VII ("Title VII Claims") and the New Jersey Law Against Discrimination ("NJLAD Claims"), and (2) breaches of the duty of fair representation, and of the covenant of good faith and fair dealing. (Dkt. entry no. 1, Compl.; dkt. entry no. 24, Am. Compl.)

**THE PLAINTIFF** "dual-filed" a charge ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division on Civil Rights ("DCR") complaining of violations of Title VII and the NJLAD by his employer, the defendant Waste Management of New Jersey, Inc. (improperly pleaded under other names) ("WMI"). (Dkt. entry no. 17, Pl. Br. at 3 (stating "Plaintiff filed a charge with the EEOC and with the DCR"); dkt. entry no. 13, Affrunti Decl., Ex. B, Charge & Addendum.) The Charge was, in turn, processed by the EEOC under a "Worksharing Agreement". (Affrunti Decl., Ex. B, DCR Notice.)

The EEOC then issued a Dismissal and Notice of Rights. (Id., Ex. C.)

**WMI** and the defendants Lawrence Faschan and Robert Snyder, Sr., who are WMI employees (collectively, "WMI Defendants") now move to dismiss certain claims ("Motion"). (Dkt. entry no. 13, Notice of Mot. & 10-7-10 Defs. Br.) This Court will determine the Motion without oral argument. See Fed.R.Civ.P. 78(b).

**THE WMI DEFENDANTS** argue that the Title VII Claims concerning disparate impact asserted against them ("Impact Claims") should be dismissed, as the plaintiff did not raise the Impact Claims in the Charge and thus failed to exhaust the administrative remedies for the Impact Claims as required. (Am. Compl. at 10-11; 10-7-10 Defs. Br. at 7-10.) The Charge states that the plaintiff (1) is "Hispanic/Puerto Rican", (2) was "indefinite[ly] suspen[ded]" for "driving a truck with a broken axle", and was "instructed to review and sign a Last Chance Agreement in order to return to work", and (3) is "aware of other non-Hispanic Drivers that have been involved in the same, similar or worse situations. They were not issued discipline or suspension. None of them were required to sign a Last Chance Agreement". (Charge.)

**THE STATEMENT** that "non-Hispanic" employees were not as harshly disciplined for similar infractions permits the plaintiff's disparate treatment claims to proceed. (Compl. at

2

8.)[1]  But that statement does not permit the Impact Claims to proceed, as it does not concern an "employment practice" such as an exam, a physical requirement, or a background check.  See 42 U.S.C. § 2000e-2(k) (disparate-impact claim must allege particular employment practice (1) causes disparate impact based on race or national origin, and (2) is neither job related nor necessary for business); Lewis v. City of Chicago, 130 S.Ct. 2191, 2198 (2010) (examining statute where job applicants excluded for not achieving certain exam score); Lanning v. Se. Pa. Transp. Auth., 181 F.3d 478, 484-93 (3d Cir. 1999) (concerning claim that women excluded due to distance-running requirement); Levine v. Walmart Stores, No. 08-114, 2008 WL 203658, at *2 (M.D. Pa. Jan. 23, 2008) (concerning claim of exclusion of sex offenders).  Disparate-treatment claims and disparate-impact claims are not "coextensive", and "the effect of applying Title VII's text is that some claims that would be doomed under one theory will survive under the other".  Lewis, 130 S.Ct. at 2199.  This Court will grant the part of the Motion seeking dismissal of the Impact Claims.

---

[1]   See Livingston v. Bor. of Edgewood, No. 08-812, 2010 WL 4512588, at *6 (W.D. Pa. Nov. 1, 2010) (disparate-treatment claim elements are plaintiff was (1) in protected class, (2) qualified for job, (3) subjected to adverse employment action, and (4) treated less favorably than similarly-situated employees not members of protected class, or circumstances gave rise to discriminatory inference); D'Altilio v. Dover Twp., No. 06-1931, 2008 WL 3925833, at *6 (M.D. Pa. Aug. 21, 2008) (plaintiff of "Italian ethnicity" alleged employer imposed long probation on him, but "non-Italian predecessors" and "other non-Italian supervisory employees" treated less harshly).

**THE WMI DEFENDANTS** argue that any remaining Title VII Claims asserted against Faschan and Snyder should be dismissed because there is no individual liability under Title VII. (10-7-10 Defs. Br. at 6-7.) The argument is correct; no further analysis is required. See N'Jai v. Floyd, 386 Fed.Appx. 141, 144 (3d Cir. 2010). This Court will grant that part of the Motion.[2]

**THE WMI DEFENDANTS** argue that the NJLAD Claims asserted against them should be dismissed because the plaintiff (1) included NJLAD violations in the Charge under the Worksharing Agreement, (2) elected to exercise administrative remedies afforded under the NJLAD itself, and he is barred from pursuing the NJLAD Claims here, and (3) can only pursue the NJLAD Claims by seeking review in the New Jersey Appellate Division. (10-7-10 Defs. Br. at 4-6.) See N.J.S.A. § 10:5-21 (person aggrieved by DCR decision concerning NJLAD may appeal therefrom as an appeal from a state administrative agency); N.J.S.A. § 10:5-27 (stating DCR decision "shall exclude any other [civil] action . . . based on the same grievance of the individual concerned").

**THAT ARGUMENT** could have merit, see Chugh v. W. Inventory Serv., 333 F.Supp.2d 285, 290-91 (D.N.J. 2004), but the plaintiff — (1) on the same day that he opposed the Motion, (2) two months

---

[2] The Impact Claims asserted against Faschan and Snyder are also dismissible for lack of individual liability.

4

after he brought this federal action, and (3) more than one year after filing the Charge — withdrew the Charge insofar as it concerned the NJLAD allegations and elected to pursue this federal action ("Withdrawal"). (Dkt. entry no. 17, Pl. Certif., Ex. A, 10-18-10 Withdrawal; see dkt. entry no. 23, Pl. Supp'l Certif., Ex. A, 10-20-10 DCR Withdrawal Acknowledgment.) The Withdrawal is permitted, even at this juncture, and thus the NJLAD Claims can proceed here. See Lemke v. Int'l Total Servs., 56 F.Supp.2d 472, 482-83 (D.N.J. 1999), aff'd, 225 F.3d 649 (3d Cir. 2000); McKeever v. Ironworker's Dist. Council, No. 96-5858, 1997 WL 109569, at *4-5 (E.D. Pa. Mar. 7, 1997).

**A CASE** that would appear to direct a different result — Metzler v. American Transportation Group, No. 07-2066, 2008 WL 413311 (D.N.J. Feb. 13, 2008), wherein a NJLAD claim was held to be barred by N.J.S.A. § 10:5-27 — is factually distinct. As has occurred here, (1) the Metzler plaintiff filed a dual charge with the EEOC and DCR under Title VII and the NJLAD, and (2) the EEOC investigated, and then issued a right-to-sue letter. Id. at *1. In Meltzer, however, both agencies explicitly closed their files. Id. at *3; see Metzler v. American Transportation Group, No. 07-2066, dkt. entry no. 5-1, Mem. of Law, Ex. B, DCR Letter (stating DCR was informed that EEOC's file had been closed, and DCR would do same). Thus, the Metzler court dismissed the NJLAD claim as barred by the election of remedies provision of N.J.S.A.

§ 10:5-27.  Here, there has been no showing that the DCR closed its file before the Withdrawal.  Indeed, the DCR acknowledged the Withdrawal.  (10-20-10 DCR Withdrawal Acknowledgment.)[3]  This Court will deny that part of the Motion.[4]

---

[3] New Jersey state courts do not necessarily consider a plaintiff to be barred from bringing a civil action asserting NJLAD claims when the EEOC alone issues a right-to-sue notice for a dual charge.  In Harris v. Middlesex County College, 353 N.J.Super. 31 (N.J. App. Div. 2002), the plaintiff filed a dual charge with the DCR, and the EEOC handled it and then sent the plaintiff a right-to-sue notice.  The plaintiff brought a federal action including claims under federal law and the NJLAD.  The federal court dismissed the federal claims with prejudice, and the state claims without prejudice to proceed in state court.  The plaintiff then brought an action in New Jersey Superior Court under the NJLAD.  Id. at 39-40.  Even though the EEOC issued a right-to-sue notice on a dual charge, there is no indication that the Superior Court found either the case to be procedurally improper, or the plaintiff should have sought relief in the New Jersey Appellate Division under N.J.S.A. § 10:5-27.  Not only did the Superior Court keep the case and address the NJLAD claims on the merits, the DCR itself joined the plaintiff, as amicus curiae, on the eventual appeal from the Superior Court's determination.  Id. at 40-42.

[4] The WMI Defendants raise certain arguments concerning the merits of the NJLAD Claims asserted against Faschan and Snyder for the first time in reply to the plaintiff's opposition.  (See dkt. entry no. 21, Defs. Reply at 5-6.)  "A party cannot raise issues for the first time in a reply brief."  Stern v. Halligan, 158 F.3d 729, 731 n.3 (3d Cir. 1998); see Reap v. Cont'l Cas. Co., 199 F.R.D. 536, 550 n.10 (D.N.J. 2001).  This Court will not address those arguments.

**THE MOTION** will be granted in part and denied in part, as discussed above. This Court will issue an appropriate order.[5]

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated: May 16, 2011

---

[5] A motion before the Magistrate Judge by the plaintiff's counsel to have this action consolidated with another action was denied. See Roman v. Waste Management of New Jersey, No. 10-4337, dkt. entry no. 8, Notice of Mot.; id., dkt. entry no. 34, Order. The Local Civil Rules should be consulted if consolidation is still desired. See L.Civ.R. 40.1(c)-(e) (concerning authority of Chief Judge of District of New Jersey).

This Court is also aware of an opinion issued in the Roman case. See Roman, No. 10-4337, dkt. entry no. 44, Opinion. This Court's Opinion is strictly based upon the facts and the controlling law for the instant case.